## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **DEMETRES JAMAR EASTERLING** | § § § | |
| Petitioner, | § § | |
| vs. | § § § | CIVIL NO. W-20-CA-161 <br> CRIMINAL NO. W-19-CR-134 |
| **UNITED STATES OF AMERICA,** | § § § | |
| Respondent. | § § | |

## ORDER

Before the Court is pro se Movant Demetres Jamar Easterling's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"). ECF No.38. For the following reasons, Easterling's § 2255 Motion is **DENIED**.

### Procedural Background

Easterling was indicted by a Federal Grand Jury sitting in Waco on or about May 14, 2019. ECF No. 1. The indictment charged Easterling with being a person who had been convicted of a felony offense who did possess a firearm, unlawfully and knowingly, and said firearm had moved in commerce and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). *Id.* In 2014, Easterling was convicted of possession a stolen firearm in the United States District of Texas, Waco Division, in Cause Number W-14-CR-029. *Id.*

On or about April 8, 2019, Killeen Police Department (KPD) observed Easterling operating a motor vehicle without a seatbelt. ECF No. 21. Easterling parked and KPD approached the vehicle. *Id.* Easterling did not comply with KPD requests to get back in his vehicle and kept asking "why" he was being stopped. *Id.* Easterling was taken to the ground, but Easterling was able to get free and began evading on foot. *Id.* Easterling was apprehended, and a bag was located in the

vehicle. *Id.* The bag contained four bags of marijuana, a scale, empty bags, and FN, FNS-9 handgun with the serial number GKU0068458. *Id.*

Easterling plead guilty to the one-count Indictment on July 23, 2019, and a sentencing hearing date was set. ECF No. 24. On November 14, 2019, the Court entered judgment and sentenced Easterling to 60 months imprisonment, followed by a term of three years supervised release, a $200 fine, and a $100 special assessment. ECF No. 35. Easterling was notified of his right to appeal. ECF No. 34. Easterling did not appeal his conviction. On June 26, 2020, Easterling filed his § 2255 Motion. ECF No. 38.

The § 2255 Motion asserts four grounds for relief. First, Easterling asserts that his base level offense under the sentencing guidelines was too high. ECF No. 38. Second, Easterling states that he did not have an extended magazine in the firearm, therefore he should have not received the enhancement for having a firearm capable of accepting a high capacity magazine. *Id.* Third, Easterling states that he does not feel as if he was treated fairly during his sentencing. *Id.* Fourth, Easterling asserts that he was unsure how much marijuana was in his possession at the time of his arrest, which would have affected his sentencing. *Id.* The first two grounds and the fourth ground are similar, as Easterling is arguing that he was not sentenced under the proper sentencing guidelines.

## Discussion

§ 2255 authorizes the review of claims that a movant's "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to prevail upon a § 2255 motion, the petitioners must allege one of three bases: (1) an error of constitutional magnitude; (2)

a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). A § 2255 motion does not encompass all claimed errors in conviction and sentencing. *U. S. v. Addonizio*, 442 U.S. 178, 185 (1979).

In Ground One, Easterling asserts that his total base offense level should have been 24, not 26. Easterling was sentenced under U.S.S.G. § 2K2.1, Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition. Under the guidelines, Easterling's Base Offense Level is 20 because the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(4)(A). Easterling received an increase by 2 levels because the firearm was stolen, and an increase by 4 levels because the firearm was possessed in connection with another felony offense, making Easterling's Adjusted Offense Level 26. U.S.S.G. §§ 2K2.1(b)(4), 2K2.1(b)(6)(B). Easterling's Base and Adjusted Offense Level were calculated in accordance to the Federal Sentencing Guidelines. Therefore, Ground One does not state a cognizable claim and is **DENIED**.

In Ground Two, Easterling states that there was no extended magazine in the firearm, therefore he should have not received the enhancement for having a firearm capable of accepting a high capacity magazine. ECF No. 38. The Federal Sentencing Guidelines state that the Base Offense Level is 20 if the offense involved a "semiautomatic firearm that is **capable** of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(4)(A) (emphasis added). The statute does not require that the firearm is loaded with a large capacity magazine, but only asks if the firearm is capable of accepting a large capacity magazine. Furthermore, Easterling did not receive an enhancement for having a firearm capable of accepting a high capacity magazine, it was a factored into Easterling's Base Offense Level. Easterling's Base Offense Level was calculated according

to the Federal Sentencing Guidelines, thus, Ground Two does not state a cognizable claim and is **DENIED**.

In Ground Three, Easterling asserts that he does not feel that he was treated fairly during his sentencing. ECF No. 38. As previously established, Easterling was sentenced according to the Federal Sentencing Guidelines, U.S.S.G. § 2K2.1. Therefore, Ground Three does not state a cognizable claim and is **DENIED.**

In Ground Four, Easterling states that he is not sure how much marijuana he had in his possession, and that the amount of marijuana could impact his sentence. ECF No. 38. Easterling received an increase by 4 levels because the firearm was possessed in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). The Federal Sentencing Guidelines define "another felony offense" for purposes of subsection (b)(6)(B) to mean "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 n.14(C).

Easterling was charged with Possession of Marijuana 4 Oz-5lbs, a State Jail Felony, by Bell County Sheriff's Office, Cause Number 80492. ECF No. 31, Sealed Presentence Investigation Report. Easterling was not charged "with Possession of at least two ounces of marijuana in a protected zone" as alleged in the Government's Response. ECF No. 41. Easterling's Possession of Marijuana 4 Oz-5lbs charge qualifies as "another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B), regardless of whether a conviction was obtained. Easterling received an increase of 4 levels in accordance to the Federal Sentencing Guidelines. Therefore, Ground Four does not state a cognizable claim and is **DENIED**.

**Evidentiary Hearing**

An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). Because the issue presented in this case can be resolved on the basis of the record, the Court finds an evidentiary hearing is not required.

**Conclusion**

Petitioner's § 2255 Motion is meritless and is therefore **DENIED**.

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* Thus, a certificate of appealability shall not be issued.

### Final Judgment

The Court considered the Judgment to be issued in the above styled and numbered cause. Pursuant to the Order denying Movant Demetres Jamar Easterling's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 of even date herewith,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 38) is **DENIED. IT IS FURTHER ORDERED** that all pending motions related to this motion, if any, are **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED** that a **CERTIFICATE OF APPEALABILITY WILL NOT ISSUE**, and this case is **DISMISSED** and **CLOSED**.

It is so **ORDERED**.

**SIGNED** on this  26th  day of February 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE